UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIA BOYD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 1:16-cv-570 |
| | ) |
| SALESFORCE.COM, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Maria Boyd ("Boyd"), by counsel, against Defendant, Salesforce.com, Inc. ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

### II. PARTIES

2. Boyd was a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Boyd was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Boyd satisfied her obligation to exhaust her administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendants alleging discrimination based on sex, race and color. Boyd received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Boyd, a Puerto-Rican female, was hired by Defendant's predecessor on June 9, 2008 as a Contract Revenue Specialist.

10. Boyd served as a Manager since 2010 and as a Global Manager, Credit and Collections, since November 2013.

11. At all relevant times, Boyd has met or exceeded Defendant's legitimate performance expectations.

12. Boyd was recommended for promotion by her supervisor, Tanya Blackwell, Director, Credit & Collections, in September 2014. This recommendation was in advance of an offsite meeting in October for management to discuss individuals who should be promoted in November.

13. Despite her supervisor's recommendation, Boyd was not promoted. When Blackwell inquired as to why Boyd was not promoted, she was informed that it was "too

late" to promote her and that Defendant only promotes individuals in November and May of each year.

14. Males and non-Latinas whose recommendations for promotion were submitted at the same time or later, were promoted.

15. When Blackwell followed up again on Boyd's promotion, she was informed that it "fell through the cracks" because they had not obtained the Senior Vice President's sign off. However, the Senior Vice President's sign off was not necessary to effectuate the promotion. In any event, Blackwell was informed that Boyd would be part of the next round of promotions in May 2015.

16. In April 2015, Defendant began announcing the next round of promotions; however, Boyd was still not promoted. Boyd was not promoted thereafter either.

17. Defendant has a disproportionate number of males and Caucasians across its upper levels of management.

## V. CAUSES OF ACTION

### I. GENDER DISCRIMINATION

18. Boyd hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint.

19. Defendant denied Boyd a promotion because of her gender.

20. Defendant actions were willful, intentional and in reckless disregard of Boyd's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Boyd suffered damages as a result of Defendant's unlawful actions.

## II. RACE DISCRIMINATION

22. Boyd hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Defendant denied Boyd a promotion due to her race.

24. Defendant's actions were willful, intentional and in reckless disregard of Boyd's rights as protected by Title VII of the Civil Rights Act of 1964.

25. Boyd suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Maria Boyd, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Promote Boyd to the position, salary, and seniority level she would have enjoyed but for Defendants' unlawful actions; and/or payment to Boyd of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Maria Boyd

## DEMAND FOR JURY TRIAL

Plaintiff, Maria Boyd, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Maria Boyd